SMITH VS. HODSON.

*September 23 — October 12, 1880.*

BANKRUPTCY: SURETYSHIP. *(1) Discharge in bankruptcy: effect upon liability to U. S. (2) Contribution between sureties in undertaking in federal court.*

1. A discharge in bankruptcy does not relieve the debtor from any debt or liability to the government of the United States.
2. After a judgment in favor of the United States against both parties to this suit (as sureties on an undertaking in a federal court), plaintiff paid the whole judgment. Defendant had been discharged in bankruptcy, no claim against him being filed by the United States in the proceeding. *Held*, that he is liable to plaintiff in this suit for contribution.

APPEAL from the Circuit Court for *Rock* County.

Plaintiff appealed from a judgment for the defendant. The case is stated in the opinion.

*A. Hyatt Smith*, for the appellant:.

1. The plaintiff having been compelled to pay the whole sum due on the judgment against himself and the defendant; the latter is bound to contribute his equitable moiety. The right to enforce such contribution rests wholly upon equitable principles, and not upon any notion of implied contract between the sureties. Story's Eq. Jur., § 493; *Dering v. Earl of Winchelsea*, 1 Cox, 318; *S. C.*, 2 Bos. & Pul., 270; 1 L. C.

in Eq. (White & Tudor), 60 and notes; *Ex parte Gifford*, 6 Ves., 805; *Craythorne v. Swinburne*, 14 id., 160; *Stirling v. Forrester*, 3 Bligh, 575, 596; *Campbell v. Mesier*, 4 Johns. Ch., 334; *Onge v. Truelock*, 2 Molloy, 31, 42; *Copis v. Middleton*, 1 Turn. & Rus., 224. Courts of law, in assuming jurisdiction of such actions, have not. changed the equitable principle. There is no implied agreement on the part of one surety to indemnify the other upon the contingency of payment; but when one surety has paid more than his equitable share or proportion, and the other refuses to contribute, the law, by a fiction, implies a promise to pay. *Norton v. Coons*, 3 Denio, 130; *Tobias v. Rogers*, 13 N. Y., 67; Story's Eq. Jur., § 495; *Kemp v. Finden*, 12 M. & W., 421; *Harris v. Ferguson*, 2 Bailey's Law (S. C.), 397. There was therefore no contract, express or implied, contingent or otherwise, between these parties, until the plaintiff paid the judgment in 1876. The plaintiff could not have proved this claim against the defendant's estate in bankruptcy, and. it is therefore not discharged. 2. A debt due the United States, though by one who owes it as a surety only, is not barred by the debtor's discharge in bankruptcy. The United States is not a creditor within the meaning of the bankrupt act. *U. S. v. Herron*, 20 Wall., 251; *Att'y Gen'l v. Alston*, 2 Mod., 248; *Anonymous*, 1 Atkyn; 262; 1 Deacon on Bankruptcy, 784; *Rex v. Pixley*, Bunbury, 202; Shelford on Bankruptcy, 303; *Craufurd v. Att'y Gen'l*, 7 Price, 5; Robson on Bankruptcy (2d ed.), 553; *Woods v. De Mattos*, 3 Hurl. & Colt., 995; *U. S. v. King*, Wall. C. C., 18; *People v. Herkimer*, 4 Cow., 348; *Comm. v. Hutchinson*, 10 Pa. St., 466; Hilliard on Bankruptcy (2d ed.), 295; *U. S. v. Knight*, 14 Pet., 315; *Dollar Savings Bank v. U. S.*, 19 Wall., 239; *U. S. v. Hoar*, 2 Mason, 311; *Comm. v. Baldwin*, 1 Watts, 54. The judgment in favor of the United States was not discharged, nor was the liability of either of the sureties released or extinguished, by the proceedings in bankruptcy, but they remained in full force until

1876, when the judgment was paid by the plaintiff. Upon making such payment, the plaintiff became subrogated to all the rights of the United States, and entitled to contribution from the defendant. The latter, not being discharged as to the United States by his certificate in bankruptcy, is not discharged as to this plaintiff.

For the respondent there was a brief by *Cassoday & Carpenter*, and oral argument by *Mr. Cassoday:*

The defendant was discharged under the bankrupt act from all debts and claims which by said act were provable against his estate, and which existed January 17, 1872. The claim here in suit existed at that time. The liability of the parties to the United States arose upon their undertaking filed June 17, 1871, and the judgment against them related back to that time. The liability of the defendant to the plaintiff for contribution rested upon the contract implied by law from their relation as co-sureties, and existed, therefore, at the time of the execution of the undertaking. *Bradley v. Burwell*, 3 Denio, 61; *Tom v. Goodrich*, 2 Johns., 213; *Powell v. Smith*, 8 id., 249; *Wood v. Leland*, 1 Met., 389; *Appleton v. Bascom*, 3 id., 169; *Bachelder v. Fisk*, 17 Mass., 464; *Johnson v. Johnson*, 11 id., 361; *Boulter v. Peplow*, 67 E. C. L., 493; *Batard v. Hawes*, 75 id., 285; *Toussaint v. Martinnant*, 2 Durnf. & East, 100; Story on Con., §§ 856, 885–890; 1 Story Eq. Jur., § 495; *Norton v. Coons*, 3 Denio, 130; *S. C.*, 2 Seld., 33; *In re Perkins*, 10 N. B. R., 529. This claim might have been proved either by the United States or by the plaintiff against the estate of the defendant in bankruptcy. R. S. of U. S., secs. 5067–5070. It was therefore discharged with the other debts of the defendant. See *Jemison v. Blowers*, 5 Barb., 686; *Crafts v. Mott*, id., 305; *S. C.*, 4 Coms., 604; *Tobias v. Rogers*, 13 N. Y., 59; *Mace v. Wells*, 7 How., 272, decided under the bankrupt act of 1841; and *Parker v. Bradford*, 45 Iowa, 311; *S. C.*, 17 N. B. R., 485; *In re Am. P. G. & F. Ins. Co.*, 12 N. B. R., 56; *Wolf v. Stix*, 99 U. S., 1;

*Roberts v. Wood*, 38 Wis., 60; *Thomas v. Jones*, 39 id., 124; *Bates v. West*, 19 Ill., 134; *Reitz v. People*, 16 N. B. R., 96; *In re Taylor*, id., 40; *Jones v. Knox*, 8 id., 559; *S. C.*, 46 Ala., 53. Even if the defendant's discharge in bankruptcy did not destroy or take away any of the prerogatives, rights, powers or remedies of his sovereign, the United States, yet it is absurd to argue that the plaintiff, by payment of the judgment, became subrogated to, and *pro hac vice* vested with, such sovereign authority, prerogatives and powers.

Cole, J. On the 17th of June, 1871, the parties to this suit became co-sureties for one William Hodson, in a proceeding then pending against him in the United States district court for a violation of the revenue laws. They severally bound themselves in the sum of $750, unto the United States, that said William Hodson should abide by and answer the decree of the court in the cause as to costs. February 28, 1872, judgment was rendered on this undertaking, in favor of the United States, against the sureties. December 6, 1876, that judgment being still in force, the plaintiff paid the amount thereof to the United States. This action is brought to enforce a contribution by the defendant, as surety, of his share of the money thus paid. The principle that one surety is generally bound to contribute to another surety who has paid more than his share of the common liability, is not controverted by the learned counsel for the defendant. But he claims that this liability does not exist and will not be enforced in this case, for this reason: It appears that on the 17th of January, 1872, the defendant filed his petition in bankruptcy, and such proceedings were had thereon that on the 11th of September, 1874, he was, by an order of the district court, forever discharged from all debts and claims which by the bankrupt act were provable against his estate when his petition was filed, excepting such debts, if any, as are by said act excepted from the operation of a discharge in bankruptcy.

Smith vs. Hodson.

Now, it is insisted that this discharge in bankruptcy exonerated the defendant from all liability to the plaintiff for or on account of the payment of the said judgment. Whether it did or not is the sole matter of inquiry. We need spend no time in considering the question whether the contingent liability of the surety was a claim provable against his estate in the bankrupt proceeding. We may assume that it was. We may further assume that it was entirely competent for the United States to have proved up this claim in that proceeding, and have had a priority given to it under the act. But it is a conceded fact that the United States did not attempt to prove any claim against the bankrupt in that proceeding. It stood aloof in the matter. This being so, the law is well settled that the liability of the defendant to the United States was in no wise affected by his discharge. This question was so decided in *United States v. Herron*, 20 Wall., 251, where the point was directly presented for adjudication. The supreme court in that case hold that the word "creditor," or "creditors," as used in the bankrupt law, does not include the United States; that, though the act expressly provides in general terms that the certificate shall release the bankrupt from all debts, claims, liability and demands which were or might have been proved against his estate in bankruptcy, and might be pleaded as a full and complete bar of any such debts, claims, liabilities or demands, yet the discharge did not affect or release a debt due to the federal government. Of course, it follows from this decision that the United States might have legally enforced its judgment against the defendant; that his liability thereon continued, notwithstanding his discharge. Indeed, the liability of both sureties continued to exist unimpaired until the judgment was satisfied by the plaintiff in 1876; and, as the plaintiff then paid the judgment upon which he and his co-surety were liable, upon familiar equitable principles, he acquired the right to have contribution as against the defendant.

This very important fact essentially distinguishes this case

from that of *Tobias v. Rogers*, 13 N. Y., 59, which was so much relied upon by the counsel for the defendant to sustain his position that the plaintiff is not entitled to contribution. In the opinion of the court in that case, GARDNER, C. J., says: "The effect of the discharge was to exonerate Rogers from his obligation incurred to the defendants in the replevin suit by his execution of the bond in their favor as one of the sureties of Mahoney and Trull. His liability as a co-obligor with the plaintiff was extinguished by operation of law, and from that moment he ceased to be co-surety with him for a common liability or a common principal. Now, if the right to contribution results from a general principle of equity that sureties *in æquali jure* must bear the common burden equally, and that it will be enforced whenever they are bound for a principal debtor in relation to one and the same transaction, . . . then it follows that all claim to it ceases when that obligation is cancelled, either by act of the parties or by operation of law." Page 66.

The right of the co-surety to contribution, in *Tobias v. Rogers*, is denied upon grounds quite rational and obvious, and which do not exist in the case at bar. There "the liability of the defendant upon the replevin bond was discharged four years before the suit by the obligees against the plaintiff. Subsequent to that time the plaintiff and defendant have never stood *in æquali jure*, in reference to the obligation of their principal. The burden, which pressed with its whole weight upon the plaintiff, was removed from the defendant by the aid of the bankrupt law. When the former paid the judgment recovered upon the replevin bond, *it* was as sole surety for Mahoney and Trull, and not as co-surety with defendant." Page 67. But here the liability of the defendant to the United States was in no degree lessened or affected by his discharge in bankruptcy. He and the plaintiff continued equally bound for the debt. They stood in the language of the authorities, *in æquali jure*, in reference to the obligation of their princi-

Smith v. Hodson.

pal. The burden of a common obligation remained in full force until it was removed by the plaintiff by paying or extinguishing it. Such being the case, we see no reason for excusing the defendant from his duty to contribute. The plaintiff has paid the whole judgment, and it seems but just that he should receive contribution from his co-surety for what he has done to relieve him from the common burden.

The learned counsel for the defendant suggested that if the plaintiff was entitled to enforce contribution upon the facts appearing in the record, it must be on the ground that he had become, in some way, subrogated to the "sovereign authority," "prerogatives" and "powers" of the United States, which he thought was an absurd supposition. But, as we understand the case, the claim to contribution does not rest on any such ground as this suggested. It has its foundation in the equitable principle that where one surety has paid the whole debt for which a co-surety was equally bound, he is entitled to receive contribution from his co-surety. It must be apparent that if the United States did not come within the provisions of the bankrupt law — if a discharge of the defendant in bankruptcy did not affect or bar his liability to the federal government,— as was held in *United States v. Herron, supra,* then the liability of both plaintiff and defendant continued as well after as before such discharge. It is upon that ground, and for that reason, that contribution is enforced. But further remarks in illustration of the principle upon which the plaintiff's right to relief is founded, would seem unnecessary.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded with directions to enter a judgment for one-half of the moneys paid by the plaintiff in extinguishment of said judgment, together with interest thereon and costs of suit.