MARATHON COUNTY, Appellant, vs. BARNES, Assignee, Respondent.

*January 9 — January, 30, 1894.*

*Voluntary assignment: Collection of taxes on personal property.*

1. Taxes assessed to an assignee for the benefit of creditors on account of personal property in his hands as such assignee are entitled to the preference of payment provided by sec. 1693c, S. & B. Ann. Stats.; and under sec. 1700 it is the duty of his successor in the trust to pay them before making any dividend, unless for any reason such taxes are illegal.

2. An action by a county against an assignee for the benefit of credit-
ors to recover delinquent taxes on personal property and to have
them adjudged a preferred claim and to have the assignee ordered
to pay them, is essentially an equitable action and cannot be main-
tained because the relief may be obtained in the assignment pro-
ceedings.

APPEAL from the Circuit Court for *Outagamie* County.
This is an action for the recovery of delinquent taxes,
and the complaint shows, in substance, that Hoxie & Mellor
made a voluntary assignment, pursuant to the statute, of
their property, effects, etc., for the benefit of their creditors,
to C. V. Bardeen, who qualified and entered upon his duties,
and sold and converted into money the greater part of the
assigned estate, and to the amount of $40,000. He had
kept his office as such assignee at Antigo in the county of
Langlade, where the assignment was made, for about four
months, and then removed it to Wausau, Marathon county,
depositing the sum so realized in divers banks in that city,
and kept his office thereafter in said city until he resigned
his trust, August 20, 1891, and the defendant, *Barnes*, was
appointed and qualified in his place. On the 1st of May,
1891, Bardeen, as such assignee, while having said money
on deposit, returned and listed it for taxation, pursuant to
the demand of the assessor of Wausau, and this assessment
was equalized and approved, and a tax thereon was ex-
tended upon the tax roll against Bardeen as such assignee,
for that year, amounting to $1,564.20, and was returned to
the county treasurer of Marathon county as delinquent.
The sheriff, in whose hands the delinquent list was placed
for collection, had been unable to collect said tax, and the
defendant, assignee of Hoxie & Mellor, neglected and re-
fused to make payment thereof, and the whole sum due,
with interest allowed by law, remained unpaid. Judgment
was demanded against the defendant, as such assignee, for
said sum with interest, and that it be adjudged a preferred

claim against the assets of Hoxie & Mellor, and that the defendant be ordered and directed to pay it, besides costs, etc.

The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, and the plaintiff appealed from an order sustaining the demurrer.

For the appellant there was a brief by *C. F. Eldred*, attorney, and *Mylrea, Marchetti & Bird*, of counsel; and a supplemental brief by *Silverthorn, Hurley, Ryan & Jones;* and the cause was argued orally by *C. B. Bird*. To the point that, although the tax was assessed to Mr. Bardeen as assignee, the action could be maintained against the present assignee, they cited *Enos v. Bemis*, 61 Wis. 656, 659; *Dalby v. People*, 124 Ill. 66. If Bardeen was a necessary party defendant the present demurrer does not raise that objection. R. S. secs. 2649, 2654; *Hallam v. Stiles*, 61 Wis. 270; *Burhop v. Milwaukee*, 18 id. 431, 436; *Baker v. Hawkins*, 29 id. 576; *Yates v. Shepardson*, 39 id. 174.

For the respondent there was a brief by *Raymond, Lamoreux & Park*, and oral argument by *B. B. Park*. They contended that if the complaint states a cause of action it is a cause of action against Bardeen and not against *Barnes. Merrill v. P. B. Champagne L. Co.* 75 Wis. 142; *Williams v. Holden*, 4 Wend. 223–6; *Walton v. Westwood*, 73 Ill. 125; Bigelow, Estoppel (5th ed.), 148; 3 Wait, Act. & Def. 259, art. 2, sec. 13.

PINNEY, J. The assessor is required to place on the assessment roll, " opposite the name of each person liable to assessment on personal property," as provided in the statute, " the valuation of all personal property owned by himself or wife, or which he has in charge or possession as lessee, occupant, agent, mortgagee, pledgee, parent, guardian, executor, administrator, trustee, *assignee*, or receiver,

Marathon County vs. Barnes.

which is liable to taxation." S. & B. Ann. Stats. sec. 1044. The tax is to be computed upon and carried out opposite to each such valuation (Id. sec. 1079); and the warrant for its collection to the treasurer requires him "to collect from each of the persons and corporations named therein . . . the taxes set down in such roll opposite to their respective names." Id. sec. 1081. If not collected, a schedule of delinquent taxes on personal property is returned to the county treasurer, giving the names of the persons taxed and the amount and years for which the taxes are due, and he issues a warrant to the sheriff for its collection; and, "in case any of such taxes shall be returned unpaid in whole or in part, the said treasurer may at any time within six years thereafter bring an action or actions in the name of his county to recover such unpaid taxes and the costs and charges thereon, against the persons or corporations *charged therewith,* in any court of competent jurisdiction." Id. sec. 1127.

It was argued that Bardeen, and not the defendant, had been charged with the tax in question, and that the defendant was therefore not liable to the action; but it will be seen that, in view of the statutory provisions about to be referred to, the case does not require a decision of this question. The statute authorizes a legal action, and the pleader has attempted to set out an equitable cause of action, and to obtain equitable relief, upon the ground that the estate and assets of Hoxie & Mellor, in the hands of the defendant as their assignee, are held in trust for the payment of the tax in question, assessed on account of it; and, in addition to demanding judgment for the amount due against the defendant as assignee of Hoxie & Mellor, asks that such sum be adjudged a preferred claim against the assets in the hands of the assignee, and that the defendant, as such assignee, be ordered to pay it, besides costs, etc. Since the enactment of sec. 1127, allowing ac-

tions to be brought for the recovery of delinquent taxes, it has been provided by sec. 2, ch. 48, Laws of 1885 (S. & B. Ann. Stats. sec. 1693c), that " the costs, debts due the United States or the state of Wisconsin, all taxes and assessments levied and unpaid, expenses of the assignment, and executing the trust," shall be first paid; and by subd. 13, sec. 2, ch. 194, Laws of 1879 (S. & B. Ann. Stats. sec. 1700), it is provided that " before making any dividend the assignee shall pay all taxes assessed upon the property assigned which remain unpaid." The tax in question is one levied by reason of the property assigned, and, in a general sense, upon it, and is entitled to the preference of payment provided by sec. 1693c. It is the plain duty of the present assignee, under sec. 1700, to pay it before making any dividend, unless for any cause the tax is illegal. These provisions are to be construed liberally for the protection and relief of the assignee, who has no personal interest in the matter, but merely a duty to perform for the benefit of those beneficially interested.

The circuit court, or the judge thereof in vacation, has supervision of the proceedings in all voluntary assignments made under the statute, and may make all necessary orders for the execution of the same. R. S. sec. 1693. Upon a petition on behalf of the plaintiff, stating the material facts and that the assignee refused to make payment of the tax, it would be the duty of the court, or judge in vacation, to direct payment thereof, if the validity of the tax was not questioned and the assignee had funds belonging to the estate to enable him to make such payment. His failure to make payment, having sufficient funds for that purpose, would be a clear breach of his bond, and would render both himself and his sureties liable for the amount. If the validity of the tax is questioned, the court may proceed to try and determine its validity in the same manner as in the case of any other contested claim.

An independent original action for relief cannot be maintained where it may be obtained on motion or petition in an action or proceeding previously commenced, in which the necessary parties are before the court, or where the claimant may intervene by motion or petition. The cases are numerous on this point, and some of them are referred to in *Stein v. Benedict*, 83 Wis. 610. The reason for the rule is stronger where, as in the present case, the claim relates to or may affect assets or a fund in course of administration in the action or proceeding already instituted. Any other rule would be productive of embarrassment and uncertainty. The present action is, we hold, essentially an equitable one, and the plaintiff can have all the relief it seeks by it in the proceedings in the matter of the assignment of Hoxie & Mellor. There was no necessity, therefore, for instituting the present action, and to sustain it tends to multiplicity of suits and would be productive of unnecessary costs. No reason whatever is suggested why a remedy so plain, direct, and inexpensive has not been resorted to. For this reason the demurrer of the defendant was rightly sustained, but the judgment to be entered thereon must be without prejudice to the right of the plaintiff to proceed by motion or petition, as already indicated.

*By the Court.*— The order of the circuit court is affirmed, and the cause is remanded for further proceedings according to law.