THE CITY OF MILWAUKEE, Respondent, vs. MOMSEN, Assignee, Appellant.

*January 8 — February 5, 1895.*

*Voluntary assignment: Payment of taxes on stock pledged by assignor.*

Sec. 1700, S. & B. Ann. Stats., providing that an assignee for the benefit of creditors, before making any dividend, "shall pay all taxes assessed upon the property assigned, which remain unpaid," does not require him to pay, out of other funds, the taxes on bank stock which had been pledged by his assignor for more than its value.

APPEAL from an order of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Reversed.*

Prior to May 1, 1892, Frederick T. Day owned $96,000 of the capital stock of the Plankinton Bank, and pledged to that bank $68,000 of that stock, as collateral security to his indebtedness to said bank for more than that amount. Some time prior to May 1, 1893, said Day pledged to others of his creditors the balance of said stock, being $28,000, as collateral security to his indebtedness to such creditors for more than that amount. On May 1, 1893, said Day was assessed, among other things, for the whole amount of said capital stock for the year 1893. No application to change said assessment was made to the board of review at its meeting June 26, 1893, nor at any of its subsequent meetings. On June 1, 1893, the Plankinton Bank made a voluntary assignment for the benefit of its creditors, and thereby transferred said stock, so held by it, to its assignee. On the same day said Day made a general assignment for the benefit of his creditors to the appellant, *Momsen*, but said stock was not thereby transferred to him. On April 14, 1894, said *Momsen* was ordered by the trial court to pay the personal tax of said Day by reason of said assessment on said

bank stock, amounting to $1,647.44. From that order *Momsen*, as such assignee, appeals.

The cause was submitted for the appellant on the brief of *Elliott, Hickox & Groth*, and for the respondent on that of *C. H. Hamilton*, city attorney.

CASSODAY, J. Undoubtedly the bank stock was liable to taxation. R. S. sec. 1042. The assessor was bound to assess the same as of May 1, 1893. Sec. 1033. The assessor was required to enter the same in the assessment roll "in the names of the *holders* of the several shares thereof, respectively." Sec. 1044. By the same section, the "pledgee" of personal property, having the same "in charge or possession," is designated as the person to whom the same is to be assessed. True, the assignee may be required, before making any dividend, to "pay all taxes assessed upon the property assigned, which remain unpaid." S. & B. Ann. Stats. sec. 1700. But the legal title of the stock in question was never assigned to the appellant. He may have had an equity of redemption therein, but that was entirely worthless. It was never intended by the section last cited to require payment by an assignee, out of other funds, of the taxes upon bank stock so pledged, and of which the equity of redemption in his hands is worthless. *Upson v. Milwaukee Nat. Bank*, 57 Wis. 526. We must hold that the assignee is not liable for the payment of the taxes mentioned.

*By the Court.*— The order of the circuit court is reversed, and the cause is remanded for further proceedings according to law.