## IN RE ASSIGNMENT OF RIDDELL and another.

*May 25 — June 19, 1896.*

*Voluntary assignment: Payment of taxes: Mortgaged property: Discharge of assignor: Taxes are not "debts."*

1. Under sec. 1700, S. & B. Ann. Stats., an assignee for the benefit of creditors who had sufficient funds in his hands should, upon proper application, have been directed to pay the taxes assessed upon the property assigned, although a large part of that property had been taken and sold under a chattel mortgage and, the proceeds of such sale being insufficient to satisfy the claims of the mortgagees, the assignee had received nothing therefrom.

2. Taxes upon the property of the assignor are not "debts" from which he may be discharged under ch. 385, Laws of 1889 (S. & B. Ann. Stats. secs. 1702*d*–1702*u*).

APPEAL from a judgment of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Reversed.*

For the appellant there was a brief by *C. H. Hamilton,* city attorney, and *Ernest Bruncken,* assistant city attorney, and oral argument by *Mr. Hamilton.*

For the respondent the cause was submitted on the brief of *Charles S. Carter.*

In re Assignment of Riddell and another.

CASSODAY, C. J.   It appears from the record that on, and for a long time prior to, November 22, 1894, *Augustus T. Riddell* and Edward S. Morris were copartners, doing business in Milwaukee under the firm name of the Milwaukee Variety Iron Works; that during that time there was duly assessed and levied by the proper officers of the city upon the personal property of the firm, consisting of buildings, machinery, tools, and plant, and book accounts, for the city taxes thereon for the year 1894, the sum of $72.12; that no part thereof had been paid; that on November 22, 1894, the said firm, and the said *Riddell* and Morris each individually, duly made, executed, and delivered a voluntary assignment of all their property to one Samuel R. Bell for the benefit of their creditors as such firm and such individuals, respectively; that Bell duly accepted the trust and qualified as such assignee, and thereupon, as such, took possession of the property and effects so assigned, and was in the possession thereof; that on November 21, 1894, the Commercial Bank of Milwaukee and the Shadbolt & Boyd Iron Company took possession of the buildings, machinery, tools, and plant mentioned, as chattel mortgagees, and on December 22, 1894, sold the same under and by virtue of such chattel mortgage; that the proceeds of the sale were insufficient to satisfy their claims; that Bell, as such assignee, had never received any proceeds from that sale; that the assignee realized only $340 from the book accounts; that on April 13, 1895, the court, by order, refused the application and motion of the city that the assignee be required to pay such taxes; that on June 3, 1895, *Riddell* petitioned the court in the manner required by the statutes to be discharged from his partnership and individual debts; that upon an order thereupon made, requiring all creditors to show cause at a time and place named why he should not be discharged from his partnership and individual debts, the city appeared, and objected to such discharge by reason of

In re Assignment of Riddell and another.

the nonpayment of such taxes, and the court thereupon overruled such objection, and ordered and adjudged that *Riddell* be discharged from all his debts and liabilities existing at the time of such assignment. From the judgment entered thereon the city brings this appeal.

In resisting the application of the city to require the assignee to pay the taxes mentioned, the assignee admitted that he had realized $340 from book accounts; that he did not expect to be able to increase the amount very materially, unless it be by litigating disputed claims; that he had disbursed necessary expenses to the amount of $125.72; that there were a large number of unsecured creditors of the assignors, who, with the most favorable results, could realize but a very small per cent. of their claims. By the statute the assignee was expressly required to "pay all taxes assessed upon the property assigned, which remain unpaid," before making any dividend. Sec. 1700, S. & B. Ann. Stats. The court should have ordered the assignee to comply with that statute upon the application mentioned. *Marathon Co. v. Barnes,* 86 Wis. 663; *Milwaukee v. Momsen,* 89 Wis. 351. Besides, the tax in question was not a debt, in the ordinary sense, within the meaning of ch. 385, Laws of 1889 (secs. 1702*d*–1702*u*, S. & B. Ann. Stats.). Cooley, Taxation, 15; *In re Duryee,* 2 Fed. Rep. 68; *Crabtree v. Madden,* 54 Fed. Rep. 431; *McInerny v. Reed,* 23 Iowa, 410. It is to be remembered that general words in a statute do not divest the government of its rights or remedies, and hence did not operate to discharge *Riddell* from the taxes mentioned. *U. S. v. Herron,* 20 Wall. 251; *Smith v. Hodson,* 50 Wis. 279.

*By the Court.*— The order and judgment of the circuit court are reversed, and the cause is remanded for further proceedings according to law.